UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| EUGENE BURKE, | No. ED CV 10-00310-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred in

```
 1              considering Plaintiff's ability to perform other work in the
 2              national economy. (JS at 2.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR AT STEP FIVE OF THE SEQUENTIAL EVALUATION PROCESS IN CONSIDERING PLAINTIFF'S ABILITY TO PERFORM OTHER WORK IN THE NATIONAL ECONOMY**

At Step Five of the sequential evaluation process, it is the duty of the ALJ to demonstrate that there are a significant number of jobs in the national economy that a claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §404.1520(d), (e), §416.920(d), (e). This can be accomplished either by calling on the testimony of a vocational expert ("VE") or by referring to Commissioner's Medical-Vocational Guidelines, commonly known as the "grids." See Tackett, 180 F.3d at 1100-01.

An ALJ may rely on the grids only when the relevant grid "completely and accurately represents claimant's limitations, in other words, a claimant must be able to perform the full range of jobs in a given category, i.e., sedentary work, light work or medium work." (Tackett, 180 F.3d at 1101.) Thus, where a claimant suffers from significant non-exertional impairments, full reliance on the grids is inappropriate and a VE's testimony is required. (Id.; see also Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).)

Here, the ALJ assessed Plaintiff's residual functional capacity

2

("RFC" as light work with certain non-exertional limitations:

> "... occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he should avoid concentrated exposure to extreme heat, even moderate exposure to hazards, and working at unprotected height."

(AR 13.)

It is Plaintiff's contention that the non-exertional impairments, while correctly assessed, would significantly erode the occupational base of light work and thus preclude the ALJ from reliance on the grids.

The question presented to the Court is whether, in fact, the particular non-exertional impairments identified do erode the occupational base for light work. Non-exertional limitations do not automatically preclude application of the grids. See <u>Desrosiers v. Secretary of HHS</u>, 846 F.2d 573, 577 (9th Cir. 1988); <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1340 (9th Cir. 1988). As <u>Desrosiers</u> instructs, the ALJ must first determine if a claimant's non-exertional limitations "significantly limit the range of work permitted by his exertional limitations." (<u>Desrosiers</u>, 846 F.2d at 577.)

The impact of such non-exertional limitations is significantly dealt with in Social Security Ruling ("SSR") 85-15. A specific section is devoted to the non-exertional limitations which are applicable in this case, which consist of stooping, kneeling, crouching and crawling. (<u>See</u> SSR 85-15(2)(b).) It is there stated that stooping, kneeling, crouching and crawling are "progressively more strenuous forms of bending parts of the body, with crawling as a

form of locomotion involving bending." It has been stated that "some stooping ... is required to do almost any kind of work, ..." Further, "if a person can stoop occasionally ... the sedentary and light occupational base is virtually intact."

As to environmental restrictions, which are not specifically addressed by Plaintiff, but are included in the non-exertional limitations found by the ALJ, SSR 85-15 indicates that the types of environmental restrictions assessed against Plaintiff in this case do not have a significant effect on work that exists at all exertional levels. Similarly, limitations on climbing and balancing "would not ordinarily have a significant impact on the broad world of work."

Although Social Security rulings do not have the same force and effect as statute or regulation, they are binding on all components of the Social Security Administration and are to be relied upon as precedents in adjudicating cases. See Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007), citing 67 Fed. Reg. at 57860. As stated by the Ninth Circuit in Chavez v. Department of Health and Human Services, 103 F.3d 849 (9th Cir. 1996),

> "Social Security rulings constitute the Social Security Administration's interpretations of the statutes it administers and of its own regulations. (Citation omitted.) These rulings are interpretive rulings and do not have the force of law. (Citation omitted.) We defer to Social Security Rulings, unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations. (Citation omitted.)"

In Plaintiff's Reply regarding the issue raised in this case, he

4

does not dispute the fact that Social Security Rulings provide guidance both on the administrative level and on the judicial level. Further, Plaintiff does not assert that citations in this case to the applicable elements of SSR 85-15 are incorrect or are inconsistent or contradictory to any applicable regulations, statutes, or cases. Consequently, the Court determines that pursuant to the principles of SSR 85-15 as quoted herein above, the ALJ was fully justified in concluding that the occupational base was not eroded, and that the grids could therefore be applied.  There is no error which would justify an order of remand.

Consequently, the decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: January 28, 2011            /s/
                         VICTOR B. KENTON
                         UNITED STATES MAGISTRATE JUDGE